## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

CHESTER WILSON,

               Plaintiff,

vs.

               Case No. 09-CV-719-CVE-FHM

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

               Defendant.

### REPORT AND RECOMMENDATION

Plaintiff, Chester Wilson, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] The matter is before the undersigned United States Magistrate Judge for Report and Recommendation.

### Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to determining whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's August 29, 2006, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Gene M. Kelly was held September 15, 2008. By decision dated March 10, 2009, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on September 4, 2009. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

### Background

Plaintiff was 49 on the alleged date of onset of disability and 51 years old on the date of the decision.  He has an eleventh grade education and formerly worked as floor technician, dishwasher, lock assembly bench assembler, painter, and day laborer.  He claims to have been unable to work since June 1, 2006, as a result of back, leg, hand, knee, and shoulder pain, and possible lung lesion.  The ALJ determined that Plaintiff retains the capacity to occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds, stand and/or walk 2 hours of an 8-hour workday, sit approximately 6 hours of an 8-hour workday and occasionally bend, stoop, kneel, crouch, crawl, and push and pull.  He has some environmental restrictions and has a slight limitation in the ability to finger, grip and feel.  He is limited to simple, repetitive, and routine work. [Dkt. 13-2, p. 13].

The ALJ determined that although these limitations prevent Plaintiff from returning to his past relevant work (PRW), based on the testimony of a vocational expert, there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations.  The case was thus decided at step five of the five-step evaluative sequence

for determining whether a claimant is disabled.  *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

### Plaintiff's Allegations

Plaintiff does not contest the ALJ's factual findings.  Plaintiff asserts that the ALJ applied the wrong standards to evaluate the evidence. Specifically, Plaintiff argues that: 1) the ALJ: erred by relying on vocational expert testimony that was at variance with the Dictionary of Occupational Titles (DOT); and 2) the ALJ applied the wrong grid rule in determining that Plaintiff was not disabled at step 5.

### Analysis

#### Reliance on Vocational Expert Testimony

Plaintiff contends that the vocational expert's testimony deviated from the DOT and that the vocational expert's explanation for the deviation was not reasonable.  He argues that it was therefore error for the ALJ to rely on the vocational expert's testimony that there are jobs in the economy that Plaintiff could perform.  Plaintiff's argument is predicated on the erroneous notion that the ALJ's RFC finding falls outside the definition of light work. Since Plaintiff is wrong in this predicate fact, the rest of Plaintiff's argument fails to present a basis for reversal.

Plaintiff asserts that the vocational expert's testimony is at variance with the sitting and standing requirements of the DOT.  According to Plaintiff: "the ALJ's RFC finding was so restrictive that it would eliminate all light work according to the DOT/regulations' definitions." [Dkt. 19, p. 6].  Plaintiff states:

> [T]he DOT defines light work as requiring lifting no more than
> 20 pound with frequent lifting up to 10 pounds, standing or

> walking 6 hours out of an 8-hour workday, or primarily sitting with pushing and pulling of arm or leg controls at greater exertion than at the sedentary level. *See* SSR 83-10, 1983-1991 Soc. Sec. Rep. Serv. 24, 1983 WL 31251 *5, 6 (S.S.A. 1983).

[Dkt. 19, p. 5]. Plaintiff argues that because the ALJ's RFC finding limits Plaintiff to "occasional" push and pull and because the ALJ found Plaintiff was able to walk or stand for two hours instead of six hours of an eight hour workday, Plaintiff is therefore precluded from performing light work. This argument is not supported by the regulations or the DOT.

The quoted language from Plaintiff's brief does not contain the actual definition of light work. Social Security regulations and the DOT share the same definition of light work:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567 (b). The definition for light work is flexible, it states light work requires "a good deal of walking or standing" or "sitting most of the time with some pushing and pulling of arm or leg controls." *Id.* [emphasis supplied]. The foregoing definition does not require the ability to walk or stand for six hours.

The Social Security Ruling Plaintiff cited for his definition of light work, SSR 83-10, does not specifically pertain to the instant case. That Ruling addresses the proper application of the Grids which may be applied to determine whether work exists in the economy when all the criteria of the particular Grid Rule coincide with the claimant's education, skill level, and RFC. 20 C.F.R. Pt 404, Subpt. P, App. 2, 200(a)(b). In other

4

words, the Grids are appropriately applied when the claimant has the ability to perform the "full range of light work."  In this case the Grids were not applied since Plaintiff's RFC was limited to less than the full range of light work.  Where, as here, a claimant is not capable of performing a full range of work at a particular exertional level, a vocational expert is called to determine whether jobs exist suitable to the RFC.  *Channel v. Heckler*, 747 F.2d 577, 582-3 (10th Cir. 1984)(conclusive reliance on the Grids is inappropriate when a claimant cannot perform the full range of a particular RFC).

The idea that light work requires the ability to perform six hours of standing or walking is found in SSR 83-10 and derives from the requirement that one capable of performing the full range of light work must have the ability to frequently lift or carry objects of up to 10 pounds.  The DOT defines "frequent" as occurring from one-third to two-thirds of the time. *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles*, *1993 Ed.*, App. C.  Ruling 83-10 states:  "since frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday."  1983 WL 31251 at *6 [emphasis supplied].  In this case, however, the ALJ's decision was not based on an assessment that Plaintiff could perform the full range of light work.  To the extent Plaintiff's arguments depend on the idea that light work requires the ability to stand or walk for at least 6 hours of a workday, they fail to present  a basis for reversal of the ALJ's decision.

Plaintiff also argues that since the ALJ found he could "occasionally" push and pull, that "eliminates all light jobs that are performed sitting down but require operation of foot

5

and hand controls." [Dkt. 19, p. 6].  Again, this argument is based on a misunderstanding of light work requirements.

The DOT defines "occasionally" to mean the activity or condition exists up to one-third of the time.  *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles*, *1993 Ed.*, App. C.  The definition of light work does not specify exactly how much pushing and pulling may be required in a light job.  The definition of light work states a job is in this category "when it involves sitting most of the time but with <u>some</u> pushing and pulling of arm or leg controls."  20 C.F.R. § 404.1567(b) [emphasis supplied]. The RFC restriction of "occasional" push and pull is not incompatible with "some" pushing and pulling in the light work definition.

The undersigned finds that the ALJ applied the correct legal standard by asking the vocational expert whether her testimony deviated from the DOT.  The vocational expert stated that the hypothetical question included a sit/stand option,[2] but "the DOT does not specifically address sit/stand options."  The vocational expert stated she was "relying on my experience of how these jobs are performed by observation of them and placing people in these types of jobs but they can [be] performed with a sit/stand option." [Dkt. 13-2, p. 54]. Plaintiff states: "[t]he problem with this case is that the vocational expert's entire testimony is based on a flawed premise that the above RFC represents a sit/stand option.  It does not." [Dkt. 19, pp. 4-5].  According to Plaintiff, the vocational expert's explanation of the sit/stand option "directly contradicted the agency's definition of 'sit/stand option.'" *Id.* at 5.

---

[2]  The ALJ posed three hypothetical questions to the vocational expert.  The second hypothetical is the one being examined.  In posing that question, the ALJ told the vocational expert to "keep the same assumption about pain, same assumption about medication as we had in hypothetical one." [Dkt. 13-2, p. 52]. In hypothetical one, the ALJ asked the vocational expert to assume "he would find it necessary to change position from time to time to relieve the work setting, to relieve the symptomology." *Id.* at p. 50.

Social Security regulations do not, however, define what is meant by a "sit/stand option." Plaintiff cites to Social Security Ruling (SSR) 83-12 which refers to "Alternate Sitting and Standing." Nothing within that ruling is contrary to the ALJ's application of the standards in this case.

SSR 83-12 discusses the treatment of an RFC that falls between exertional categories and describes a "special situation" it refers to as "alternate sitting and standing." SSR 83-12, 1983 WL 31253, *4. The SSR notes that in some claims the medical facts may point to an RFC that is compatible with the performance of either sedentary or light work except that the person must alternate periods of sitting and standing. SSR 83-12 instructs, "[i]n cases of unusual limitation of ability to sit or stand, a vocational specialist should be consulted to clarify the implications for the occupational base." *Id.* Rather than contradicting the agency's own rulings as Plaintiff asserts, the undersigned finds that the ALJ appropriately followed the instructions in SSR 83-12 and appropriately consulted a vocational expert in exactly the alternate sitting and standing situation described in SSR 83-12.

The undersigned observes that the RFC in the ALJ's written decision does not use the term "sit/stand option." It is absolutely clear, though, from the transcript of the hearing that the vocational expert and the ALJ both understood that the hypothetical question included the necessity to change positions from time to time to relieve pain. [Dkt. 13-2, pp. 50-52]. The vocational expert testified from experience that the jobs identified exist in the economy and can be performed with the RFC in the hypothetical question that is more restrictive than the RFC in the written decision. The undersigned finds that the ALJ's failure to include a sit/stand option in the written decision does not present a basis for reversal

The undersigned finds no error in the characterization of Plaintiff's RFC as light work.  The ALJ's acceptance of the vocational expert's opinion that there are jobs in the economy that one with Plaintiff's RFC for a restricted range of light work could perform is likewise without error.

<u>Application of Grid Rule</u>

The Medical-Vocational Guidelines (Grids), 20 C.F.R. Pt. 404, Subpt. P, App. 2., reflect the existence of jobs in the national economy at various skill, exertional, and educational levels.  When all factors coincide with the criteria of a Grid Rule, then the ALJ can rely on the Rule to establish the existence of jobs.  20 C.F.R. Pt. 404, Subpt. P. App. 2, 200(b).  When fewer than all the criteria coincide, the Grid Rules are used as a framework for decision making which means that if, considering the claimant's age, education, skill level, and exertional work capacity (sedentary, light, medium, etc.) the Grid Rules direct of finding of disabled, the ALJ must find the claimant disabled.

In this case, the Grid Rules direct a finding of not disabled if Plaintiff's impairments limit him to the performance of unskilled light work.  *Id.* at 202.10.  If, however, Plaintiff is limited to the performance of sedentary work, the Grids direct a finding of disabled.  *Id.* at 201.09.  Since the ALJ found that Plaintiff has the RFC for less than the full range of light work, Plaintiff argues that his RFC is actually for sedentary work and therefore under Grid Rule 201.09 he should have been adjudged to be disabled.  According to Plaintiff, SSR 83-12 supports this argument.

SSR 83-12 sets out the process of using the Grids when "the exertional components of the RFC are less or greater than those of a specifically defined exertional range of work." 1983 WL 31253, *1.  In situations where, as here, a claimant can do more than the lower

exertional category (here sedentary) but less than the full range of the next higher category (here light) and the Grid Rules for each of those categories direct opposite disability conclusions, SSR 83-12 states "[vocational specialist] assistance is advisable for these types of cases." *Id.* at * 3. SSR 83-12 also advises, "[i]n cases of unusual limitations of ability to sit or stand, a [vocational specialist] should be consulted to clarify the implications for the occupational base." *Id.* at *4.

The undersigned finds that the ALJ followed the applicable instructions contained in SSR 83-12 and appropriately obtained vocational expert testimony about whether light jobs existed for one with Plaintiff's RFC, education, and skill level.

## CONCLUSION

The undersigned finds that the ALJ applied the correct legal standards in his evaluation of this case. Therefore the undersigned United States Magistrate Judge RECOMMENDS that the decision finding Plaintiff not disabled be AFFIRMED.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before November 17, 2010.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions."  *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).  Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 3rd day of November, 2010.


_Frank H. McCarthy_
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE