## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CHESTER E. WILSON,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**MICHAEL J. ASTRUE,** )<br>**Commissioner of the Social** )<br>**Security Administration,** )<br>)<br>**Defendant.** ) | Case No. 09-CV-0719-CVE-FHM |

### OPINION AND ORDER

Now before the Court is the magistrate judge's report and recommendation (Dkt. # 21) recommending that the Commissioner of the Social Security Administration's decision to deny plaintiff's claim for disability benefits be affirmed. Plaintiff has filed a timely objection to the report and recommendation, and defendant has not responded to plaintiff's objection.

### I.

On August 29, 2006, plaintiff Chester E. Wilson applied for disability benefits under Titles II and XVI of the Social Security Act and alleged that he was disabled as of June 1, 2006. Dkt. # 13-5, at 1-2. Wilson was 49 years old as of the date of alleged onset of disability. Wilson's application was initially denied on January 5, 2007 and was also denied upon reconsideration on May 23, 2007. Dkt. # 13-4, at 2-5; id. at 12-14. Wilson requested a hearing on his application for disability benefits, and stated that he was still unable to work "due to pain swelling condition discomfort depression and more symptom." Id. at 18. Administrative Law Judge (ALJ) Gene M. Kelly held a hearing on September 15, 2008 and plaintiff was not represented by counsel at the hearing. Dkt. # 13-2, at 22. Wilson was 51 years old on the date of the hearing.

At the hearing, the ALJ established that Wilson had attended high school through the eleventh grade but had not obtained a GED. Wilson's past work experience included jobs as a floor technician, painter, janitor, dishwasher, and lock assembler on an assembly line. Id. at 28-30, 47-48. Wilson described his physical limitations and injuries, and stated that he suffered from swelling of the knees, back pain, shortness of breath, and muscle cramps or spasms in his hands. Id. at 31-34. He claimed that he had difficulty alternating between sitting and standing, and he could not stand for an extended period of time. Id. at 36-37.

Bonnie Ward, a vocational expert, testified at the hearing by request of the ALJ. Id. at 24. She reviewed Wilson's past relevant work in terms of the level of specific vocational preparation (SVP) and exertional level. Id. at 49. The ALJ posed the following hypothetical question to Ward:

> Let's assume that we have a 49 to 51-year-old male, 11th grade education; adequate ability to read, write, to use numbers. Assume further that the individual in general has the physical capacity to perform sedentary and light work lifting and carrying up to 20 pounds; stand and walk six hours in eight, sit six hours in eight each with normal breaks; occasional climb, balance, stoop, kneel, crouch, and crawl. . . . And assume further that while functioning at the sedentary and light level as restricted he will find it necessary to change position from time to time to relieve the work setting, to relieve the symptomology. Assuming the foregoing can this individual return to his past relevant work either as he performed it or as it is customarily performed in the national economy?

Id. at 50. Ward found that the hypothetical individual could work as a bench assembler, ticket taker, video clerk. These jobs had an SVP of 2 and were classified as light work. Id. at 51. At the sedentary level, the hypothetical individual could perform the work of optical goods assembler and order clerk. The ALJ modified the hypothetical question by limiting the amount of standing and walking to two hours per eight hour work day and including a limitation on gripping and feeling with fingers. Id. at 52. Ward testified that these restrictions would eliminate the possibility of working as a bench assembler or optical goods assembler, but it would leave open the jobs of video

clerk[1] and ticket taker at the light work level and order clerk as the sedentary level. The ALJ posed a final hypothetical question asking if Wilson would be able to return to his past relevant work if Ward accepted all of the limitations suggested by Wilson's testimony. Id. at 53. Ward testified that plaintiff could not perform his past relevant work based on his testimony. Id. at 54. The ALJ asked Ward if she needed to explain any deviation from the DOT. Ward clarified that her answer to the second hypothetical question incorporated a sit/stand option that was not included in the DOT but, based on her experience, the jobs she listed in response to the second hypothetical can be performed with a sit/stand option. Id. The ALJ stated that he would request a physical consultative examination of Wilson with x-rays of his knees, hands, chest, and shoulders, and he would issue a written decision on Wilson's application for disability benefits. Id.

On March 10, 2009, the ALJ denied Wilson's application for disability benefits at step five of the analysis. He found that:

> claimant has the residual functional capacity (RFC) to occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds, stand and/or walk 2 hours out of an 8-hour workday, sit approximately 6 hours out of an 8-hour workday, and occasionally bend, stoop, kneel, crouch, crawl, and push and pull. He should avoid dust, fumes, gasses, temperature extremes, and humidity. His ability to squat, climb and operate foot controls is limited. He has a slight limitation to finger, feel, and grip. It should be simple, repetitive and routine work.

Id. at 13. Based on these findings, the ALJ determined that Wilson was unable to perform his past relevant work, and he had no transferable skills. Id. at 16. However, he concluded that jobs existed

---

[1] Plaintiff argues that there is no description for the job of "video clerk" in the Dictionary of Occupational Titles (DOT). Dkt. # 23, at 4-5. Plaintiff is correct and "video clerk" is not listed as an occupation in the DOT. Plaintiff assumes for the sake of argument that the vocational expert intended to refer to the job of photofinishing clerk. The Court does not make a similar assumption and, instead, finds that this discrepancy is one of the issues that should be considered by the ALJ upon remand of this case.

in significant number in the national economy that Wilson could perform and Wilson was not disabled. The ALJ did not rely on the Medical-Vocational Guidelines as the sole basis to deny Wilson's claim for disability benefits. Wilson did not have an RFC allowing him to perform a full range of light work, and his RFC fell in between the guidelines for sedentary and light work. The ALJ stated that he asked the vocational expert if sufficient jobs existed in the national economy that someone with Wilson's RFC could perform, and the vocational expert cited the jobs of ticket taker, video clerk, and order clerk as relevant occupations within Wilson's RFC. These jobs existed in sufficient numbers in the regional and national economies, and a finding of "not disabled" was appropriate. Wilson appealed the ALJ's decision to the Appeals Council for the Social Security Administration. The Appeals Council denied Wilson's appeal on September 4, 2009. Id. at 1-3.

Wilson requested judicial review of the denial of his claim for disability benefits and asserted that the ALJ made two errors in his review of Wilson's claim:

A. The ALJ erred by relying on vocational testimony that was at significant variance from the Dictionary of Occupational Titles and the agency's policies to support his denial of benefits at step five.

B. The ALJ applied the wrong grid rule when determining the claimant was not disabled at step five of the sequential evaluation.

Dkt. # 19, at 2. The magistrate judge entered a report and recommendation that the denial of Wilson's claim for disability benefits be affirmed. In particular, the magistrate judge rejected plaintiff's argument that his RFC excluded any possibility that he could perform light work, even though it was clear that plaintiff could not perform a full range of light work. Dkt. # 21, at 3. He noted plaintiff's reliance on a ruling by the Social Security Administration, SSR 83-10, for plaintiff's argument that a person be must be able to stand or walk for six hours to perform any kind of light work, but found that this definition was not consistent with the DOT or 20 C.F.R. § 1567(b).

4

Id. at 4-5. The ALJ did not find that Wilson could perform the full range of light work and consequently did not strictly apply the Medical-Vocational Guidelines to resolve Wilson's claim for disability benefits. He determined that the ALJ properly relied on the testimony of a vocational expert to support his finding that sufficient jobs existed in the regional and national economies that Wilson could perform within his RFC, and the ALJ did not err by finding that Wilson was not disabled. Id. at 8-9

**II.**

Without consent of the parties, the Court may refer any pretrial matter dispositive of a claim to a magistrate judge for a report and recommendation. However, the parties may object to the magistrate judge's recommendation within 14 days of service of the recommendation. Schrader v. Fred A. Ray, M.D., P.C., 296 F.3d 968, 975 (10th Cir. 2002); Vega v. Suthers, 195 F.3d 573, 579 (10th Cir. 1999). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the report and recommendation of the magistrate judge in whole or in part. Fed. R. Civ. P. 72(b).

**III.**

Plaintiff claims that the ALJ made an error at step five of the review process, because he failed to resolve a discrepancy between the description of the jobs of video clerk and ticket taker provided by the DOT and plaintiff's RFC limiting to two hours of standing or walking per eight hour work day. Dkt. # 23, at 3-4. He argues that the ALJ failed to consider the specific duties of the two light work jobs cited by the vocational expert and, in particular, claims that the vocational expert's

testimony was not a sufficient factual basis for a finding that the jobs of video clerk and ticket taker could be performed with a sit/stand option. Id. at 5.

The Social Security Administration has established a five-step process to review claims for disability benefits. See 20 C.F.R. § 404.1520. The Tenth Circuit has outlined the five step process:

> Step one requires the agency to determine whether a claimant is "presently engaged in substantial gainful activity." [Allen v. Barnhardt, 357 F.3d 1140, 1142 (10th Cir. 2004)]. If not, the agency proceeds to consider, at step two, whether a claimant has "a medically severe impairment or impairments." Id. An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities. See 20 C.F.R. § 404.1521. At step three, the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition "listed in the appendix of the relevant disability regulation." Allen, 357 F.3d at 1142. If a claimant's impairments are not equivalent to a listed impairment, the ALJ must consider, at step four, whether a claimant's impairments prevent her from performing her past relevant work. See id. Even if a claimant is so impaired, the agency considers, at step five, whether she possesses the sufficient residual functional capability to perform other work in the national economy. See id.

Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). The ALJ decided this case at step five of the analysis. At step five, the ALJ must consider a claimant's RFC, age, education, and work experience to determine if other work exists that a claimant is able to perform. Williams v. Bowen, 844 F.2d 748, 751 (10th Cir. 1988). If the claimant can adjust to work outside of his past relevant work, the ALJ shall enter a finding that the claimant is not disabled. 42 U.S.C. § 423(d)(2)(A). However, the ALJ must find that a claimant is disabled if insufficient work exists in the national economy for an individual with the claimant's RFC. Wilson v. Astrue, 602 F.3d 1136, 1140 (10th Cir. 2010). The Commissioner bears the burden to present sufficient evidence to support a finding of not disabled at step five of the review process. Emory v. Sullivan, 936 F.2d 1092, 1094 (10th Cir. 1991).

The ALJ issued a written decision that was reviewed by the Appeals Council, which is a final decision by an administrative agency. Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008). The Court may not reweigh the evidence or substitute its judgment for that of the ALJ but, instead, reviews the record to determined if the ALJ applied the correct legal standard and if his decision is supported by substantial evidence. Id. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." O'Dell v. Shalala, 44 F.3d 855, 858 (10th Cir. 1994). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004). The Court must meticulously examine the record as a whole and consider any evidence that detracts from the Commissioner's decision. Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994).

Plaintiff argues the ALJ's finding at step five was deficient, because the jobs proposed by the vocational expert and relied upon by the ALJ in his written decision could not have been performed by a person with plaintiff's RFC. In particular, plaintiff relies on the 2 hour limitation on his ability to stand or walk during an eight hour period and claims that a person with such a limitation could not have performed the light work jobs of ticket taker or video clerk. Dkt. # 23, at 4. According to plaintiff, a finding of disabled would have been required if the ALJ determined that plaintiff was able to perform sedentary work only and, even if plaintiff's RFC did not exclude the sedentary job of order clerk, a finding of disabled was mandated.

The magistrate judge considered plaintiff's argument that his RFC falls outside the definition of light work, and concluded that plaintiff's RFC did not exclude the full range of light work. However, the report and recommendation contains no discussion of the specific jobs referenced by

7

the vocational expert or the apparent discrepancies between the DOT, and the vocational expert's testimony, and the magistrate judge did not consider plaintiff's more specific argument that the jobs of video clerk and ticket taker are not suitable for a person with plaintiff's RFC. As required by Rule 72(b), the Court will consider de novo plaintiff's argument that his RFC excludes the light work jobs of video clerk and ticket taker.

Plaintiff claims that there is an obvious discrepancy the testimony of the vocational expert and the DOT, and the vocational expert failed to provide an adequate basis for the ALJ to depart from the exertional limitations prescribed by the DOT. Under Haddock v. Apfel, 196 F.3d 1084 (10th Cir. 1999), an ALJ may not apply a grid rule to deny a claim for disability benefits if a claimant is unable to perform a full range of work at a particular level. An ALJ may consider the testimony of a vocational expert to assist the ALJ to determine if the claimant's RFC and work skills permit the claimant to perform specific jobs that exist in the national economy. Id. at 1089. The ALJ "must correlate a [vocational expert's] testimony in an individual case with vocational information provided in the [DOT] or other reliable publications." Id. An ALJ may not rely on a vocational expert's "summary conclusion" to resolve a conflict between the DOT and the vocational expert's testimony concerning the skills necessary to perform a particular job. Id. Instead, the ALJ has a duty to elicit enough evidence from a vocational expert for a reviewing court to assess any conflict between the DOT and the vocational expert's testimony and "thoroughly develop the vocational evidence at step five . . . ." Id. at 1089-90.

The Court agrees with plaintiff that the vocational expert's testimony does not explicitly explain any deviations from job descriptions provided by the DOT, and the ALJ erred by relying on this testimony to deny plaintiff's claim for disability benefits at step five. At most, the vocational

8

expert provided a conclusory assessment that the jobs of video clerk and ticket taker could be performed with a sit/stand option that was not contemplated by the DOT. Dkt. # 13-2, at 54. Plaintiff's RFC clearly states that he is limited to two hours of standing or walking in an eight hour period, but the vocational expert concluded that plaintiff could perform these jobs with a sit/stand option. Id. This does not constitute substantial evidence supporting the ALJ's decision to deny disability benefits at step five of the review process. Haddock, 196 F.3d at 1090. The Court notes two separate errors with the Commissioner's decision that should be addressed on remand. First, the job of "video clerk" is not listed in the DOT and the Court is unclear to what job ALJ intended to refer in his written decision. The Court cannot assess the ALJ's determination that plaintiff's RFC would have permitted him to work as a video clerk or the ALJ's finding that these jobs existed in the regional and national economies without knowing to what job the ALJ was referencing and the exertional requirements of that job. Second, the ALJ erred by relying on the conclusory testimony of the vocational expert, and he did not elicit sufficient evidence for the Court to assess whether deviations from the descriptions provided by the DOT were warranted. In particular, the vocational expert must provide additional testimony explaining her belief that the jobs of video clerk and ticket taker could be performed with a sit/stand option. The DOT does not expressly provide for such an option and the ALJ's written decision provides no analysis of this issue.

Plaintiff argues that remand for further proceedings would be futile, and the Court should remand with specific instructions to award plaintiff disability benefits. Dkt. # 23, at 15. Contrary to plaintiff's assertion, the errors identified by the Court do not require the Court to order the immediate award of disability benefits, because these errors can be remedied by supplementation of the record upon remand. Plaintiff has not shown that remand for additional factual findings by

9

the ALJ would serve no useful purpose or would merely delay the receipt of benefits, because it is unclear from the record that plaintiff is actually entitled to disability benefits. See Salazar v. Barnhart, 468 F.3d 615, 626 (10th Cir. 2006). Thus, the Court finds that the Commissioner's decision to deny benefits should be reversed, and the case is remanded for further administrative proceedings on plaintiff's claim for disability benefits.

**IT IS THEREFORE ORDERED** that the report and recommendation (Dkt. # 21) is **rejected**, and the Commissioner's decision to deny plaintiff's claim for disability benefits is **reversed**. A separate judgment remanding the case for further proceedings is entered herewith.

**DATED** this 3rd day of January, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT